**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **OTERIA Q. MOSES,** | ) | **Case No.: 12-05563-8-RDD** |
| | ) | |
| **Debtor,** | ) | **Chapter 13** |
| | ) | |
| | ) | |

**MOTION OF CASHCALL, INC. TO WITHDRAW PROOF OF CLAIM #3 WITH**
**PREJUDICE**

Creditor CashCall, Inc. ("CashCall"), by and through counsel, hereby moves pursuant to Federal Rule of Bankruptcy Procedure 3006 to withdraw its Proof of Claim # 3 (the "Proof of Claim") with prejudice.  In support of this Motion, CashCall respectfully shows the Court as follows:

1.      Oteria Q Moses (the "Debtor") petitioned for bankruptcy on or about August 1, 2012.

2.      CashCall filed the Proof of Claim on August 8, 2012.  The Proof of Claim was based on an unpaid promissory note (the "Note") held by CashCall that had been executed by the Debtor pursuant to a loan agreement (the "Loan Agreement").

3.      On August 17, 2012, the Debtor filed an Objection to the Proof of Claim and a Complaint initiating an adversary proceeding against CashCall.

4.      CashCall no longer wishes to pursue its Proof of Claim and voluntarily abandons its claim for the outstanding balance of the loan to the Debtor.

5.      Because the Debtor has objected to the Proof of Claim, CashCall must obtain leave of Court to withdraw its Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 3006.

6.      Bankruptcy courts have looked to the considerations underlying Federal Rule of Evidence 41(a)(2), which governs voluntary dismissal of non-bankruptcy complaints, to guide the exercise of their discretion under Rule 3006.  *See, e.g.*, *Resorts Int'l v. Lowenchuss*, 67 F.3d 1394, 1399 (9th Cir. 1995); *In re Kaiser Group Int'l*, 272 B.R. 852 (Bankr. D. Del. 2002); *In re 20/20 Sport*, 200 B.R. 972, 979 (Bankr. S.D.N.Y); *see also* Advisory Committee Note, Fed. R. Bankr. P. 3006 ("This rule recognizes the applicability of the considerations underlying Rule 41(a) Fed. R. Civ. P.").

7.      The general rule is that a motion to withdraw a Proof of Claim should be granted unless a debtor objecting to the Proof of Claim can prove that granting the motion would work some prejudice on the debtor.  *See Lee-Moore Oil Co. v. Union Oil Co.*, 441 F. Supp. 730, 740 (M.D.N.C. 1977) ("The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff,[1] with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. . . . **[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm**." (emphasis added)), *rev'd on other grounds*, 599 F.2d 1299 (4th Cir. 1979); *see also Yoffe v. Keller Industries, Inc.*, 582 F.2d 982, 984 (4th Cir. 1978).  It is the Debtor's burden to prove that the withdrawal will result in prejudice.  *In re Manchester, Inc.*, 51 Bankr. Ct. Dec. 5 (Bankr. N.D. Texas).

---

[1] In the bankruptcy context, "[c]ourts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer, and an adversarial proceeding to a counterclaim."  *Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995).  Thus, when viewing Rule 41 in the light of Rule 3006, the "plaintiff" would be the creditor–claimant and the "defendant" would be the debtor.

8.      The Debtor will not be prejudiced by withdrawal of the Proof of Claim in any way.  This adversary proceeding is in its infancy and the Debtor has incurred no significant expenses related to this proceeding.  *See, e.g.*, *Manchester*, 51 Bankr. Ct. Dec. at 16 (finding that the creditors were "clearly diligent" when they brought their withdrawal motion before they were required to answer the adversary proceeding complaint); *In re 20/20 Sport, Inc.*, 200 B.R. 972 (Bankr. S.D.N.Y. 1996) (finding withdrawal proper when the motion was made "well in advance of trial").

9.      In fact, dismissal with prejudice of the Proof of Claim will ***benefit*** the Debtor and her estate, rather than prejudicing her, by reducing the total claims against the bankruptcy estate.

WHEREFORE, CashCall respectfully requests that this Court enter an order permitting CashCall to withdraw Proof of Claim # 3.

Respectfully submitted, this the 13th day of November, 2012.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Hayden J. Silver III
Hayden J. Silver III (NC State Bar 10037)
Womble Carlyle Sandridge & Rice, LLP
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
Phone: (919) 755-2188
Fax: (919) 755-6099
jsilver@wcsr.com

Raymond M. Bennett (NC State Bar No. 36341)
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
Phone (919) 755-2158
Fax (919) 755-6068
rbennett@wcsr.com

*Attorneys for Creditor CashCall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION OF CASHCALL, INC. TO WITHDRAW PROOF OF CLAIM #3 WITH PREJUDICE** with the Clerk of Court using the CM/ECF which will send notification of such filing to the following:

> Mr. Adrian M. Lapas
> P.O. Box 46
> Goldsboro, NC  27533
> Attorney for Plaintiff

This the 13th day of November, 2012.

> /s/ Hayden J. Silver III
> Hayden J. Silver III (NC State Bar 10037)
> Womble Carlyle Sandridge & Rice, LLP
> 150 Fayetteville Street, Suite 2100
> Raleigh, North Carolina  27601
> Phone: (919) 755-2188
> Fax: (919) 755-6099
> jsilver@wcsr.com
>
> Raymond M. Bennett (NC State Bar No. 36341)
> Womble Carlyle Sandridge & Rice, LLP
> 150 Fayetteville Street, Suite 2100
> Raleigh, North Carolina  27601
> Phone (919) 755-2158
> Fax (919) 755-6068
> rbennett@wcsr.com
>
> *Attorneys for Creditor CashCall, Inc.*