**SO ORDERED.**

**SIGNED this 03 day of January, 2013.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

OTERIA Q. MOSES,                                CHAPTER 13
                                                CASE NO. 12-05563-8-RDD
    DEBTOR

### ORDER DENYING MOTION TO WITHDRAW CLAIM

Pending before the Court is the Motion of CashCall, Inc. to Withdraw Proof of Claim #3 with Prejudice filed by CashCall, Inc. ("CashCall") on November 13, 2012 (the "Motion") and the Objection to Withdrawal of Proof of Claim filed by Oteria Q. Moses (the "Debtor") on December 3, 2012 (the "Objection"). The Court conducted a hearing on December 6, 2012 in Wilson, North Carolina to consider the Motion and Objection.

The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 1, 2012. CashCall filed proof of claim number three, in the amount of $1,929.02 on August 8, 2012. CashCall's claim is based on an unsecured loan to the Debtor made by Western Sky Financial, LLC in the principal amount of $1,500.00.[1] Western Sky Financial, LLC assigned the loan to CashCall, who attempted to collect on the debt. In response to CashCall's proof of claim,

---

[1] Western Sky Financial, LLC is a limited liability company registered in South Dakota that makes short term consumer loans.

the Debtor filed an adversary proceeding (number 12-00174-8-RDD) objecting to the proof of claim on August 17, 2012. In addition to objecting to CashCall's proof of claim, the Debtor alleges the debt to CashCall is void based on CashCall's violation of the North Carolina Consumer Finance Act, N.C. Gen. Stat. §§ 53-164 to -191 (2012). The complaint also alleges CashCall engaged in acts that qualify as Prohibited Acts by Debt Collectors under N.C. Gen. Stat. §§ 75-50 to -56 (2012) in attempts to collect on the debt.

In the Motion, CashCall seeks to voluntarily withdraw claim number three as it no longer wishes to proceed with the claim.[2] The Debtor objects to withdrawal of the claim as to do so would divest the Court of jurisdiction to hear the objection to the claim and other matters brought in the adversary proceeding.

Federal Rule of Bankruptcy Procedure 3006 provides:

> [a] creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession . . . .

Fed. R. Bankr. P. 3006. "The plain language of Bankruptcy Rule 3006 establishes bright-line tests marking the termination of a creditor's 'otherwise unfettered right voluntarily and unilaterally to withdraw a proof of claim.'" *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atl. Handling Sys., LLC)*, 304 B.R. 111, 123 (Bankr. D.N.J 2003) (citation omitted)).

---

[2]CashCall also filed a motion to dismiss the adversary proceeding on the basis that the loan documents include an arbitration provision and the validity of the agreement should be decided by an arbitrator.

2

"In considering a motion to withdraw a proof of claim, courts look to cases under Fed. R. Civ. P. 41, dealing with voluntary dismissal of lawsuits for guidance." *EXDS, Inc. v. RK Elec., Inc. (In re EXDS, Inc.)*, 301 B.R. 436, 438 (Bankr. D. Del. 2003). "Factors pertinent to a Rule 41 analysis include diligence in pursuing withdrawal of the claim, undue vexatiousness, the extent the [claim] has 'progressed,' duplication of litigation expense, explanation of the need to withdraw, delay in prosecution of the [claim], prejudice to others and the importance of the claim to the reorganization effort." *Id*. (quoting Collier on Bankruptcy P 3006.01 (15th ed. rev.)).

After CashCall filed its proof of claim, the Debtor brought an adversary proceeding objecting to the claim and seeking other affirmative relief. Because the Debtor filed the adversary proceeding, CashCall may no longer withdraw the claim as of right. *See In re Frank*, 322 B.R. 745 (Bankr. M.D.N.C. 2005). In the adversary proceeding, the Debtor objects to the claim and seeks affirmative relief for causes of action under North Carolina state law related to the claim. The Court finds allowing CashCall to withdraw its claim would cause prejudice to the Debtor by eliminating this Court's jurisdiction over any causes of action related to the claim. The Debtor would then be required to file an action in the General Court of Justice for the State of North Carolina or proceed with arbitration as required by the loan agreement. These consequences will necessarily delay any potential recovery to which the Debtor may be entitled. Therefore, the Motion is **DENIED**.

    **SO ORDERED**.

**END OF DOCUMENT**