UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:13-CV-148-BO

| | |
|---|---|
| CASHCALL, INC., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>OTERIA Q. MOSES, )<br>)<br>Appellee. ) | **O R D E R** |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

This matter is before the Court on CashCall, Inc.'s motion for leave to appeal [DE 1]. For the reasons stated herein, CashCall's motion is DENIED.

**BACKGROUND**

Appellant filed a proof of claim in the bankruptcy proceeding arising from a consumer loan made to the debtor. In response, the debtor brought an adversary proceeding challenging the validity of that underlying consumer loan. After the initiation of that adversary proceeding, the appellant sought leave of the bankruptcy court to withdraw its proof of claim. In a January 3, 2013 order, Bankruptcy Judge Doub denied appellant's motion to withdraw. Appellant now seeks leave to appeal the bankruptcy court's denial to this Court. Appellant has an additional appeal pending before this Court that relates to the bankruptcy court's denial of CashCall's motion to stay and compel arbitration of its claims. This Order disposes only of CashCall's first motion for leave to appeal.

## DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . ." 28 U.S. § 158(a). In seeking to appeal an interlocutory order, the appellant must show "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)(citation omitted). When evaluating a motion for leave to appeal an interlocutory order, it is appropriate to consider the same factors used by a circuit court in determining whether to review an interlocutory order in a civil proceeding. *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000). Under 28 U.S.C. § 1292, appeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing an immediate appeal would materially advance the litigation. *Id.* Although the Court is not required to strictly apply these guidelines they do provide strong guidance. If an appeal is allowed, the bankruptcy court's findings of fact are assessed under a clearly erroneous standard, while the bankruptcy court's findings of law are reviewed *de novo*. *In re* Johnson, 960 F.2d 396, 399 (4th Cir. 1992).

Here, the appellant has argued that the bankruptcy court's denial of its motion to withdraw its proof of claim claim presents an issue of first impression that merits the Court's consideration. Federal Rule of Bankruptcy Procedure 3006 provides, in pertinent part:

> [a] creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession . . .

As Bankruptcy Judge Doub noted, courts handle such withdrawal motions similarly to motions for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Specifically, such motions should be granted unless it is apparent that significant prejudice would be created by doing so. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

Here, the debtor brought an adversary proceeding objecting to the creditor's claim. Therefore, pursuant to Rule 3006, the creditor can no longer withdrawal its claim by right. *In re Frank*, 322 B.R. 745, 753 (2005). Moreover, the claim provides the basis for the bankruptcy court's jurisdiction over the adversary proceeding and its withdrawal would prejudice the debtor by ending this litigation and forcing her to seek potential relief elsewhere. The creditor argues that this cannot properly constitute prejudice because a civil plaintiff would never be denied the right to dismiss his case with prejudice. By way of example, the appellant argued that if prejudice resulting from future litigation is the court's concern a plaintiff's Rule 41 motion to dismiss *without* prejudice could never be granted because the possibility of future litigation would always exist under such a motion. Of course, that hypo is not analogous to the instant scenario. The Court finds that the creditor has attempted to stretch the parallels between the adjudication of Rule 41 disputes and Rule 3006 disputes too far.

Here, granting the motion to withdraw would deprive the debtor-non-movant, *not* the plaintiff-movant, of litigating her claims in their original forum. By a Rule 41 motion, the plaintiff *volunteers* to sacrifice her current attempts at relief. In the instant case, however, it is proper to shield the non-movant from the movant's attempts to block her path to relief. This is a nuance between the potential prejudice resulting from Rule 41 motions and the potential prejudice resulting from Rule 3006 motions.

For these reasons, the creditor has not shown that the bankruptcy court erred in finding that the debtor would be prejudiced if the motion for withdrawal were allowed. Moreover, the Court finds that there is not substantial ground for a difference of opinion on this finding. As there is a lack of substantial ground for difference of opinion on this point, the Court does not need to consider the other factors relevant to allowing interlocutory appeal. The Court declines to exercise its appellate review over this interlocutory order.

## CONCLUSION

For the foregoing reasons, the Court DENIES the appellant's motion for leave to appeal.

SO ORDERED.

This the 12 day of July, 2013.

TERRENCE W. BOYLE
United States District Judge